## In re Dissolution of Fraternal Order of Firemen

*John P. Martin* and *Arnold, Bricker & Beyer*, for petitioner.

*K. L. Shirk*, contra.

SCHAEFFER, P. J., August 1, 1947.—On May 29, 1947, a petition was presented to the court for the dissolution of Fraternal Order of Firemen, Lancaster, Pa., a nonprofit corporation. On the return day of the

rule granted thereon, William Ansel presented a petition to the court setting forth that as a former member of the Fraternal Order of Firemen, Lancaster, Pa., he is entitled to share in the distribution of the assets upon the dissolution thereof. From the evidence submitted at the hearing the court finds that William Ansel, petitioner, was a member of the Lancaster Fire Department until he resigned therefrom on September 1, 1945. He was then a member in good standing with the Fraternal Order of Firemen, Lancaster, Pa. After his resignation from the Lancaster Fire Department he sent in his dues for $2 for four months in advance, namely, September, October, November and December 1945. His check was cashed September 27, 1945, and he received his dues card for the following year, 1946. Sometime in November 1945 he received a check from the Fraternal Order of Firemen, Lancaster, Pa., for $2, refunding the dues he had paid. This check was cashed by William Ansel. No dues were paid by petitioner thereafter. He was told verbally by the treasurer pursuant to a meeting that he was no longer a member of said Fraternal Order of Firemen, Lancaster, Pa., on the ground that he was not an employe of the Lancaster Fire Department.

Under the bylaws of the Fraternal Order of Firemen, Lancaster, Pa., effective January 8, 1945, section 40 (A), it is provided as to qualifications for membership: "He shall also be a member of the Lancaster Fire Department or any paid Fire Department." In Gordon et al. v. Tomei et al., 144 Pa. Superior Ct. 449, 457 (1941), it was held that the bylaws of a corporation are "its private statutes for its own government, unless contrary to the laws of the land." The bylaws "regulate its own action and concerns, and the rights and duties of its members amongst themselves." Petitioner contends that there must be a provision in the charter of a nonprofit corporation if continuing membership in

another organization is a prerequisite for membership in a nonprofit corporation. Petitioner relies upon the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 608, which provides as follows:

"Membership in a nonprofit corporation shall be terminated in the manner provided in the articles or by-laws. If the membership in any such corporation is limited to persons who are members in good standing in another corporation, or in any lodge, church, club or society, the articles shall in each case define such limitations, and may provide that failure on the part of any such member to keep himself in good standing in such other corporation or association shall be sufficient cause for expelling the member from the corporation requiring such eligibility."

The court is of the opinion that the last cited act is not applicable to the instant case because William Ansel was not a member in another corporation or association, but an employe under civil service in the Lancaster Fire Department. Accordingly, petitioner, William Ansel, became ineligible for membership in the Fraternal Order of Firemen, Lancaster, Pa., when he voluntarily resigned from the Lancaster Fire Department on September 1, 1945. The question of his status should have been raised after the order of dissolution because he is not opposed to the dissolution, but is asking to participate in the distribution of the assets. However, the court finds that he is not entitled to participate in the distribution of the assets and property of the Fraternal Order of Firemen, Lancaster, Pa.

And now, August 1, 1947, the rule to show cause why William Ansel should not participate as a member in the distribution of the assets and property of the Fraternal Order of Firemen, Lancaster, Pa., is discharged.